MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil, Bar No. 209056
michael.weil@morganlewis.com
Michelle L. Quach, Bar No. 335098
michelle.quach@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
TESLA, INC., dba TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE VILLAGOMEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>TESLA, INC., dba TESLA MOTORS, INC., a Delaware entity; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF COMPLAINT**<br><br>Complaint Filed:   June 22, 2023<br>Trial Date: N/A |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Tesla, Inc., dba Tesla Motors, Inc. ("Defendant" or "Tesla") hereby removes the above-entitled action originally filed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

**I.      PROCEDURAL BACKGROUND**

1.      On June 22, 2023, Plaintiff Andre Villagomez ("Plaintiff") filed an unverified complaint in the Superior Court of the State of California, County of Alameda, titled *Andre*

*Villagomez v. Tesla, Inc. dba Tesla Motors, Inc., a Delaware entity; DOES 1 through 50, inclusive*, Case No. 23CV036599.  The Complaint alleges ten causes of action arising under the Fair Employment Housing Act ("FEHA") and California Labor Code for (1) retaliation under California Labor Code section 98.6; (2) retaliation under California Labor Code section 1102.5; (3) retaliation under California Labor Code section 6310; (4) wrongful termination in violation of public policy; (5) unpaid wages; (6) failure to pay overtime wages; (7) failure to timely pay wages; (8) failure to provide accurate wage statements; (9) waiting time penalties; and (10) failure to permit inspection of personnel and payroll records.

2. On June 26, 2023, Plaintiff served Defendant personally with the Summons, Complaint, Notice of Case Assignment, Notice of Case Management Conference, Notice of Confirmation of Electronic Filing, and Civil Case Cover Sheet.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A** and incorporated by reference.  A true and correct copy of the Notice of Case Assignment, Notice of Case Management Conference, Notice of Confirmation of Electronic Filing, and Civil Case Cover Sheet are attached as **Exhibit B** and incorporated by reference.

3. On July 24, 2023, Tesla filed and served its Answer to the Complaint.  A true and correct copy of Tesla's Answer is attached as **Exhibit C** and incorporated by reference.

4. The Summons, Complaint, Notice of Case Assignment, Notice of Case Management Conference, Notice of Confirmation of Electronic Filing, Civil Case Cover Sheet, and Answer (attached as Exhibits A – C) constitute the entirety of the process, pleadings, and orders that have been filed and served in this case to date.

**II.   REMOVAL IS TIMELY**

5. Tesla has timely filed this Notice of Removal under 28 U.S.C. § 1446(b) because it is filed within thirty days of the June 26, 2023 service of the Summons and Complaint on Tesla. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that thirty-day removal period begins to run on the date of service).

## III. THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

6. Removal to this Court is proper under 28 U.S.C. § 1332 because (i) Plaintiff's individual claims place more than $75,000 in controversy, exclusive of interests and costs; (ii) the action involves citizens of different states; and (iii) no properly joined defendant is a citizen of California.[1]

### A. The Amount in Controversy Exceeds $75,000

7. As an initial matter, in his prayer for relief, Plaintiff is demanding over $1,000,000 in damages which alone satisfies the amount in controversy. **Ex. A,** prayer for relief ("Plaintiff Andre Villagomez seeks judgment against Defendants, and each of them, in an amount according to proof but estimated to be no less than $1,000,000. . ."). However, even if it doesn't, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, as provided below.

8. Although the Complaint does not allege damages amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

9. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. In his Complaint, Plaintiff alleges that Defendant retaliated against him for complaining about unpaid wages and safety issues by terminating his employment. **Ex. A ¶¶ 14-28.** Plaintiff seeks general and compensatory damages for wages, earnings, commissions, employee benefits, lost earning capacity, future benefits, mental pain and anguish, emotional distress, loss of earning capacity, statutory penalties, reasonable attorneys' fees and costs, and punitive damages. *See,* **Ex. A**, prayer for relief.

---

[1] Tesla reserves the right to supplement or provide the Court with additional briefing or information necessary to appropriately assess diversity requirements. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations … by amending its notice of removal.").

10. While Defendant denies any and all liability to Plaintiff, based on a conservative, good-faith estimate of the value of the alleged damages in this action (lost wages, emotional distress, statutory penalties, punitive damages, and attorneys' fees), as further described below, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031–35 (N.D. Cal. 2002) (holding that Plaintiff's damages claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

### i.  Lost Wages Alone Likely Exceed $75,000

11. Plaintiff alleges lost wages since he was terminated on December 14, 2021. **Ex. A** ¶ 26; **Ex. A**, prayer for relief ¶ 1. According to the most recent case-management statistics for U.S. District Courts, a jury trial in this case likely would not occur until January 2026. *See* United States District Court – Judicial Caseload Profile for the Northern District of California (stating median time from filing date to trial was 32.9 months for civil cases in this district).[2] Throughout his employment with Tesla, Plaintiff was employed as a production associate as an hourly, non-exempt employees earning $21.50 per hour and "generally worked full-time on varying days of the week." **Ex. A** ¶¶ 12-13. Based on this, assuming conservatively, Plaintiff worked 40 hours workweeks. This equates to an annual base salary of $44,720 and a monthly base salary of $3,726.67. By the time of trial, Plaintiff's claim for lost wages alone from his termination on December 14, 2021 until trial is approximately $189,672.23.[3] *See, e.g., Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount-in-controversy

---

[2] Available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2022.pdf.

[3] Taking Plaintiff's monthly base salary of $3,726.37 x (approximately 18 months from his termination to the filing of this lawsuit + 32.9 months of median time from the filing date to trial) = $173,176.93

calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount-in-controversy calculation). Thus, the amount in controversy from lost wages alone exceeds $75,000.

### ii. Emotional Distress Damages Alone Likely Exceed $75,000

12. Plaintiff also alleges emotional distress damages. **Ex. A**, prayer for relief. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. "Emotional distress awards in California for wrongful termination in violation of public policy and discrimination under [FEHA] … can be large relative to the underlying economic damages." *Simpson v. Off. Depot, Inc.*, 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010). Because emotional distress damages frequently exceed $75,000, it is reasonable to assume that Plaintiff seeks in excess of $75,000 for alleged emotional distress damages alone. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977), *superseded by statute on other grounds*; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Indeed, numerous California Courts have awarded more than $75,000 in emotional distress damages alone. *See, e.g.*, *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000 in non-economic damages was upheld); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 11, 2011) (awarding a total of $7,550,000 in compensatory damages for emotional distress and physical injuries to six plaintiffs in age discrimination and wrongful termination case).[4]

---

[4] *See also, e.g.*, *EEOC v. Harris Farms, Inc.*, Docket No. 02-CV-06199-AW1-LJ0 (E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in past earnings and $350,000 in emotional distress damages); *Francies v. Kapla*, 127 Cal. App. 4th 1381 (2005) (finding that wrongfully terminated plaintiff suffered $425,000 in non-economic damages, 607% of his $70,000 in economic damages); *Campbell v. Nat'l Passenger R.R. Corp.*, 2010 WL 625362, at *1 (N.D. Cal. Feb. 18, 2010) (awarding $120,000 in non-economic damages); *Astor v. Rent-A-Center*, Docket

          **iii.**        <u>**Punitive Damages Further Increase the Amount in Controversy**</u>

13.     Plaintiff also requests an unspecified amount in punitive damages. **Ex. A**, prayer for relief. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

          **iv.**        <u>**Attorneys' Fees Further Increase the Amount in Controversy**</u>

14.     Plaintiff also seeks to recover an unspecified amount of attorneys' fees. **Ex. A**, prayer for relief; *see also* Cal. Gov. Code § 12965(b) (allowing "prevailing party" to recover reasonable attorneys' fees). Courts have held that an award of attorneys' fees may be considered for purposes of calculating the amount in controversy. *See, e.g.*, *Galt G/S*, 142 F.3d at 1155–56 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697-98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, No. S-06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation."). The total amount of attorneys' fees that could accrue during the course of litigation are considered. *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–00421, 2010 WL 1526441, at *3–4 (N.D. Cal. Apr. 15, 2010) ("a reasonable estimate of attorneys fees likely to be expended" should be included in calculating the amount in controversy); *accord Pulera v. F & B, Inc.*, No. 2:08-cv-00275 – MCEDAD, 2008WL 3863489, at *4–5 (E.D. Cal. Aug. 19, 2008); *Celestino*, 2007 WL 1223699 at *4; *Simmons*, 209 F. Supp. 2d at 1034–35 (N.D. Cal. 2002); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. Jan. 12, 2002).

15.     Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after just 250 hours of work. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding $300 per hour to be a "reasonable rate" for attorneys' fees in employment cases and 100 hours to take a case to

---

No: 03AS048644 (Sacramento Cnty. Super. Ct. Aug. 5, 2005) (jury verdict included $250,000 in non-economic damages).

trial to be a "conservative" estimate; therefore, attorneys' fees in employment cases "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)"). Plaintiff's counsel would likely exceed this amount during just the pretrial phase of litigation. Accordingly, the amount of attorneys' fees incurred by Plaintiff in connection with prosecuting this action would further increase the above estimates of the amount in controversy.

### v. Alleged Violations of California's Labor Code Further Increases the Amount in Controversy.

16. Plaintiff seeks various statutory penalties for violations of California Labor Code. For his failure to timely pay wages claim, Plaintiff alleges that "he is owed approximately $1,900." **Ex. A** ¶ 74. Plaintiff further alleges he is owed $950 for Defendant's alleged violation of failing to provide accurate, itemized wage statements. **Ex. A** ¶¶ 75-80. For his waiting time penalties claim, Plaintiff alleges that he is owed $5,160. **Ex. A** ¶¶ 81-86. Lastly, Plaintiff alleges that Defendant failed and refused to permit Plaintiff's inspection of personnel and payrolls records, and thereby are liable to Plaintiff in the amount of $750. **Ex. A** ¶¶ 87-92. Thus, in sum, the alleged violations of California's Labor Code further increases the amount in controversy by at least $8,760.

### B. Tesla and Plaintiff Are Not Citizens of the Same State

17. The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.* (2005) 545 U.S. 546, 553. A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.* (9th Cir. 2008) 549 F.3d 1223, 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties had complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Tesla's.

### ii. Plaintiff is a Citizen of California.

18. Plaintiff resides in the State of California and does not allege any alternate state citizenship. **Ex. A** ¶ 3. Therefore, Plaintiff is a citizen of the state of California for purposes of removal. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) ("An individual is

a citizen of the state in which he is domiciled."); *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) (holding that for purposes of diversity, citizenship is determined by the individual's domicile when the lawsuit is filed).

### iii. Tesla is Not a Citizen of California.

19. For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2009) 557 F.3d 1026, 1028 (citing 28 U.S.C. § 1332(c)(1)).

20. The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.*, **the "nerve center"** ....

(2010) 559 U.S. 77, 92-93 (emphasis added).

21. Plaintiff alleges that Tesla, Inc. does business in California. **Ex. A**, ¶ 3. However, Tesla, Inc. is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Delaware, with its principal place of business and headquarters in Austin, Texas.[5]

22. Tesla Motors, Inc. is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Delaware, with its principal place of business and headquarters in Austin, Texas.[6]

---

[5] Tesla's Form 10-K for the fiscal year ended December 31, 2022, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Delaware as Tesla's State of Incorporation and 13101 Tesla Road, Austin, Texas as Tesla's principal executive offices: https://www.sec.gov/Archives/edgar/data/1318605/000095017023001409/tsla-20221231.htm

[6] Tesla Motors, Inc.'s Corporation-Statement of Information filed March 9, 2023 with the California Secretary of Statement, which is a public document and publicly accessible through the California Secretary of State's website, lists Delaware as the entity's jurisdiction and 1 Tesla

23.     Therefore, at all times since Plaintiff commenced this lawsuit, both Tesla, Inc. and Tesla Motors, Inc. are and have been citizens of a state other than California within the meaning of 28 U.S.C. §1332(c)(1). At all relevant times both Tesla, Inc. and Tesla Motors, Inc. are and have been citizens of the States of Delaware and Texas.

### C.  Doe Defendants Are Irrelevant for Purposes of Removal

24.     The citizenship of Does 1 through 20 named in the Complaint is immaterial to the jurisdiction inquiry. For purposes of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

25.     The Ninth Circuit and this Court have upheld the statutory rule disregarding citizenship of Doe defendants. For example, this Court has recognized that "[i]t is black-letter law that the citizenship of Doe defendants 'shall be disregarded' for the purposes of removal and diversity jurisdiction." *Munsey v. FCA US LLC*, 2020 WL 12863658, at *2 (N.D. Cal. Apr. 9, 2020); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *Soliman v. Philip Morris,* Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Sanders v. Costco Wholesale Corp.*, 2022 WL 6271879, at *2 (N.D. Cal. July 28, 2022) (denying remand and recognizing the court "cannot consider Lynette Doe for purposes of diversity" as "Lynette Doe is a fictitious defendant"); *Valdez v. Home Depot U.S.A., Inc*., 2022 WL 4137691, at *4 (N.D. Cal. Aug. 25, 2022) (denying remand and holding that "the removal statute's plain language, legislative history, and Ninth Circuit law militate against remand at this stage while keeping the door open for potential remand at a later time. 28 U.S.C. § 1447(b)(1) obligates courts to disregard Doe defendant's citizenship at the time

---

Road, Austin, Texas as the address of the entity's principal executive office: https://bizfileonline.sos.ca.gov/search/business.

of removal."); *Wuerfel v. Lathrum*, 2010 WL 3894198, at *1 (N.D. Cal. Oct. 1, 2010) ("Although Plaintiff has sued several defendants (i.e., 'Does 1 through 20') under fictitious names, the citizenship of such defendants is disregarded when determining the propriety of removal.").

### IV.  OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

26.　This action was originally filed in the Superior Court for the County of Alameda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

27.　Tesla will promptly serve this Notice of Removal on Plaintiff and will promptly file and serve a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda, in which the action is pending, as required under 28 U.S.C. § 1446(d).

28.　Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Tesla, as well as other documents filed in the state-court action, are filed concurrently with this Notice of Removal as exhibits.

### V.  CONCLUSION

29.　Based on the foregoing, Tesla requests that this action be removed from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, and that all future proceedings in this matter take place in the United States District Court for the Northern District of California.

30.　If any question arises as to the propriety of the removal of this action, Tesla requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

| | |
|---|---|
| Dated: July 25, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| | By  /s/ Michael D. Weil |
| | Michael D. Weil |
| | Michelle L. Quach |
| | Attorneys for Defendants |
| | Tesla, Inc., dba Tesla Motors, Inc. |