UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE VILLAGOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-03672-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 16 |

　　　Tesla's motion to compel arbitration is granted and the case is dismissed without prejudice. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014). This order assumes familiarity with the facts, the parties' arguments, and the legal standards.

　　　Prior to being hired by Tesla, Villagomez was required to accept and sign an offer letter containing an arbitration agreement. Villagomez concedes he signed the letter and that the arbitration agreement covers the individual claims he now brings against Tesla. But he argues the agreement is procedurally and substantively unconscionable.

　　　In support of procedural unconscionability, Villagomez asserts the agreement was a contract of adhesion and failed to explain that arbitration meant "giving up the right to a jury trial." Unfortunately for Villagomez, these arguments have been routinely rejected by California courts. *See Serafin v. Balco Properties Ltd., LLC*, 235 Cal. App. 4th 165, 179 (2015); *Lagatree v. Luce*, et al., 74 Cal. App. 4th 1105, 1122-23 (1999); *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 914 (2015); *Grafton Partners v. Superior Court*, 36 Cal. 4th 944, 955 (2005); *see also Pierce v. Tesla Inc.*, No. 22-cv-03177-TLT (N.D. Cal. Jan. 30, 2023) (rejecting nearly identical arguments against a Tesla arbitration agreement).

As for substantive unconscionability, Villagomez contends the Non-Disclosure and Inventions Assignment Agreement—also contained in the offer letter—is unlawful because it is an exemption from arbitration disputes "regarding confidential information, the return of company records, and non-solicitation" that is only likely to benefit Tesla. Although Villagomez may well have a point about this provision, it can be severed from the offer letter without affecting the arbitration agreement. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 124 (2000); *see also Frank v. Tesla, Inc.*, 2022 WL 18284398, at *8-9 (C.D. Cal. June 27, 2022).

**IT IS SO ORDERED.**

Dated: December 5, 2023

_____
VINCE CHHABRIA
United States District Judge